UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME LORENZO BALLEJOS,<br><br>    Petitioner,<br><br>v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | NO. CV-08-008-RHW<br><br>**ORDER DENYING HABEAS PETITION** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, 28 U.S.C. Section 2254 (Ct. Rec. 1). Petitioner is a state prisoner currently confined by the California Department of Corrections at Pleasant Valley State Prison, Coalinga, California, and is proceeding *pro se*.

Petitioner was convicted by a jury of the following crimes: Counts 1 & 2, making criminal threats (Cal. Penal Code § 422); Count 3, second degree robbery (§ 211), and Counts 4 & 5, attempted murder (§§ 644/187). The jury also found that in committing the attempted murders, defendant personally and intentionally discharged a handgun, causing great bodily injury, within the meaning of section 12022.53, subdivision (d). Petitioner was sentenced to a total of sixty-three years and four months to life.

Petitioner appealed his convictions and sentence to the California Court of Appeal. In his appeal, he argued: (1) his convictions for attempted murder were not supported by substantial evidence; (2) the imposition of personal handgun use

**ORDER DENYING HABEAS PETITION** ~ 1

enhancements constituted cruel and unusual punishment; and (3) the trial court had a *sua sponte* duty to instruct the jury that assault with a firearm is a lesser included offense of attempted murder. The Court of Appeal affirmed the judgment. The California Supreme Court denied his Petition for Review.

Petitioner filed a habeas petition in the Sacramento County Superior Court. In his petition, he argued ineffective assistance of counsel for failing to investigate and offer numerous exculpatory witnesses. The superior court denied the petition. He then filed a petition with the California Court of Appeal and the California Supreme Court. These petitions were summarily denied.

On January 2, 2008, Petitioner brought his Petition Under 28 U.S.C. § Writ of Habeas Corpus by a Person in State Custody, asserting three grounds for relief: (1) ineffective assistance of counsel by his trial counsel's failure to investigate and present evidence of petitioner's innocence; (2) violation of Fifth Amendment right to due process by his conviction based on insufficient evidence of specific intent to kill; and (3) violation of Fifth and Sixth Amendment rights to due process and fair trial by the trial court's failure to give the lesser included offense instruction on Assault with a Deadly Weapon.

## STANDARD OF REVIEW

In order to succeed with his § 2254 petition, Petitioner must establish that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Petitioner must also establish that his claims were adjudicated on the merits in state court proceedings and that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). A determination of a factual issue made by the State court shall be presumed to be correct. § 2254(e). Petitioner has the burden of rebutting

**ORDER DENYING HABEAS PETITION** ~ 2

the presumption of correctness by clear and convincing evidence. *Id.*

A state court's decision is "contrary to" clearly established federal law only where "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-24 (2000). There is an "unreasonable application" of clearly established federal law when a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. A state court decision can also involve an unreasonable application of clearly established precedent "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. The state court's error must be one that the habeas court concludes is objectively unreasonable, not merely erroneous or incorrect. *Id.* at 409-11.

The state concedes that Petitioner has properly exhausted his claims. *See Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008), *citing* 28 U.S.C. § 2254(b)(1)(A).

## FACTS

The California Court of Appeal summarized the facts as follows:

> The jury in this case heard evidence that during a span of about 20 minutes on one Christmas evening, defendant Jaime Lorenzo Ballejos went on a spree during which he used a revolver to threaten two neighbors standing outside after Christmas dinner (counts one and two); robbed an acquaintance at gunpoint (count three); then shot the robbery victim in the face and back (count four); and shot the robbery victim's brother in the chest (count five).

**Counts One and Two**

> Willard Pease and his girlfriend, Alberta Montgomery, were visiting Pease's mother with other friends and family members on Christmas Day in 2004. Defendant's father lives next door to Pease's mother on Nogales Street.
> After dinner, Montgomery and a friend were outside on the porch of Pease's mother's house when they saw defendant and his

**ORDER DENYING HABEAS PETITION ~ 3**

brother Fernando arrive next door. At some point, Pease heard yelling and went outside, too. Pease testified at trial that defendant was yelling at them "merry fucking Christmas," "I am going to shoot you guys," "I am going to get you," and "[y]ou're a rat";Montgomery testified defendant was yelling "you fucking bitch. I'll fucking kill you, get in the fucking house. I have a gun." Defendant had pulled a handgun from the car and was pointing it at them. Fernando was carrying a big stick.

The neighbors from across the street also saw defendant and his brother outside "look[ing] violent"; one saw them yelling at the next-door neighbors, and both saw defendant holding a gun.

Someone called the police; Pease told responding officers his assailant had carried a silver revolver. He later identified defendant and Fernando from photographs.

**Counts Three, Four, and Five**

Minutes later, defendant and Fernando confronted Kevin Gunning and his brother, Paul Gunning, just outside Kevin's open garage.

Paul heard a car pull up and saw defendant (a friend and former coworker of Kevin) walking toward the garage. When Paul stuck out his hand to shake defendant's, he saw that defendant held a silver revolver and was pointing it at Paul's face. Defendant demanded Paul's money and his wallet. Fernando then approached; he also demanded Paul's wallet and started hitting him in the head.[1]

After Paul gave his wallet to Fernando, Fernando told defendant, "Shoot him. Shoot him. Shoot him." Pointing the gun at Paul's forehead from a distance of about four feet, defendant paused for a few seconds and then began shooting. The first chamber clicked empty, then a bullet caught Paul in the face as he turned away, grazing the bridge of his nose; a second bullet struck Paul in the back as he turned completely away, and lodged about an inch below his lung.

As Paul lay on the ground, defendant shot Kevin as he ran into the house, grazing his chest. Kevin called 911 and told officers defendant had shot him.

**Trial**

Paul identified defendant as the shooter with "100 percent" certainty. Kevin, however, testified he was high on methamphetamine at the time of the shooting and no longer believed defendant had shot him.

Defendant testified that he and Fernando left their grandmother's house on Christmas Day, going first to find defendant's girlfriend, then to their father's house on Nogales Street. Defendant admitted he was "loud and obnoxious," yelled at neighbors Pease and Montgomery, and carried a gun, but said it only shot pellets. He denied threatening to kill either Pease or Montgomery. According to defendant, he and Fernando then returned to their grandmother's house, harassing passersby along the way. He testified he has never been to Kevin

---

[1] Defendant has two brothers, Martin and Fernando. Paul originally told officers he believed he was struck by Martin, but at the preliminary hearing and at trial, he identified Fernando as the assailant.

**ORDER DENYING HABEAS PETITION** ~ 4

Gunning's house and denied shooting either Paul or Kevin Gunning.
Fernando testified he and defendant had been drinking all day, and were "loud and buzzed." Fernando's testimony about the events of that day agreed with defendant's. Fernando denied knowing either Paul or Kevin Gunning, and denied robbing Paul Gunning.[2]

## PETITIONER'S CLAIMS

**1. Ineffective Assistance of Counsel - Failure to Investigate**

Petitioner argues that his counsel was ineffective for failing to investigate and offer the testimony from exculpatory witnesses. Petitioner identifies six witnesses whom he contends his counsel should have called at trial: Tristan and Laura Perreira, Michelle Troutman, Garrett Voorhees, Ronald Cato, and Randy Iovinelli. Petitioner did not provide declarations from the individuals; rather Petitioner provided police reports regarding the incidents in question and summaries of statements given to the district attorney's investigator.

To establish ineffective assistance of counsel, the petitioner must show (1) that counsel's performance fell below an objective standard of performance, and (2) that the ineffective performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Sacramento Superior Court rejected Petitioner's claim of ineffective assistance of counsel. It found that the testimony would have been cumulative in that his brother already testified at trial regarding driving up the street and harassing people after the Pease incident. It also concluded that a decision to not call the witnesses would have been "sound trial strategy" in light of the fact that the jury already heard about Petitioner's assaultive conduct on the day in question. Moreover, testimony was introduced that while it took 9 minutes and 43 seconds to travel the distance to the Gunning residence while traveling at a moderate speed in normal traffic and obeying all traffic laws, it would take a little over 5 and one half

---

[2] Testimony about other assaultive action committed by defendant and Fernando on the same day was also introduced: before the charged incidents, they first broke the front window of a house where defendant's girlfriend was visiting. Defendant's girlfriend told police that defendant had a silver revolver and was accompanied by Fernando.

**ORDER DENYING HABEAS PETITION ~ 5**

minutes driving at a higher rate of speed. The superior court concluded that counsel may have believed that offering any additional evidence may have created a danger of the jury deciding Petitioner's guilt or innocence on the attempted murder charges based on the assaultive conduct occurring on Nogales. The court found that Petitioner did not establish prejudice, that is, it was not reasonably probable that the outcome of the trial would have been any different, given the testimony that Paul Gunning identified Petitioner as the shooter with "100 percent" certainty. The court pointed out that the police reports recognize that the Cato incident may have taken place as early as 5:45 p.m., which was prior to the 911 call regarding the Pease incident. The court reasoned that the fact that the Ferreiras told the investigator that they heard gunshots at either approximately 5:45 p.m or approximately 5:50 p.m. does not show that Petitioner was not the shooter. Finally, the court noted that Petitioner failed to allege what testimony Iovinelli would offer.

Here, as the superior court pointed out, there are sound trial strategy reasons for not presenting the additional evidence. As such, the Superior Court's decision was not contrary to, or an unreasonable application of federal law.

**2.      Insufficient Evidence**

Petitioner asserts there was insufficient evidence for the jury to find that he had the specific intent to kill. He asserts that the only evidence adduced at trial supporting the specific intent element of the attempted murder charges was Paul Gunning's statement that Petitioner pointed the gun at his head, but that the gun dry-clicked. Petitioner points out that this testimony was directly contradicted by that of his brother Kevin, who was shot at the same time and place.

To prevail on an insufficiency of evidence claim, a habeas petitioner must show that "upon the record evidence adduced at the trial[,] no rational trier of fact could have found proof of guilt beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), and that the state court's adjudication entailed an unreasonable application of the *Jackson* standard. *Briceno v. Scribner*, 555 F.3d

**ORDER DENYING HABEAS PETITION** ~ 6

1069, 1078 (9th Cir. 2009).  Under *Jackson*, a jury's credibility determinations are entitled to near-total deference.  *Schlup v. Delo,* 513 U.S. 298, 330 (1995).

The California Court of Appeal rejected Petitioner's claim of insufficient evidence.  It relied on California law, specifically, *People v. Lashley*, 1 Cal. App. 4th 938, 945-46 (1991), to conclude that the jury did not act irrationally in concluding that Petitioner intended to kill both Paul and Kevin Gunning.  It noted that Petitioner pointed the gun at Paul's forehead and fired from a distance of about four feet and that after one bullet failed to fire, Petitioner maintained his aim, and shot at Paul's face.  Only Paul's movement prevented a direct hit between the eyes.  Petitioner then fired another shot that hit Paul in the back, wounding him a scant inch from his lung.  The Court of Appeal concluded that it was Petitioner's poor marksmanship and the victim's efforts to flee that prevented their more serious injury or death.  It concluded that evidence that Petitioner shot intentionally and directly at the victims supported the jury's inference that he intended to kill them.

Based on the evidence presented at trial, a reasonable jury could conclude that Petitioner intended to kill both Paul and Kevin Gunning.  The jury was presented with conflicting testimony and made it's own credibility determinations.  As such, the Court of Appeal's conclusion that Petitioner's constitutional rights were not violated is not contrary to, or an unreasonable application of clearly established precedent.

**3.    Failure to Instruct on Lesser Included Offense of Assault with a Deadly Weapon**

Petitioner asserts that the trial court erred prejudicially in failing to instruct the jury sua sponte that assault with a firearm was a lesser included offense of attempted murder under the facts of this case.  He argues that the only evidence adduced at trial establishing the specific intent required for an attempted murder conviction was in conflict and contradicted by more reliable evidence.

The California Court of Appeal concluded that under California law, assault

**ORDER DENYING HABEAS PETITION** ~ 7

with a firearm was not a lesser included offense of attempted murder in this case. The court concluded that Apprendi v. New Jersey, 530 U.s. 466, 494 (2000) did not undermine California precedent. "The failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question." Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000). As such, Petitioner is not entitled to relief as to his third claim.

CERTIFICATE OF APPEALABILITY

Because this is the Court's final order in this matter, the December 1, 2009 amendments to Rule 11(a) of the Federal Rules Governing Section 2254 Cases require the Court to determine in this Order whether a certificate of appealability should issue. The Court finds additional briefing on this issue unnecessary.

The Antiterrorism and Effective Death Penalty Act of 1996 requires a habeas petitioner appealing the denial of a 28 U.S.C. § 2254 to obtain a certificate of appealability. 28 U.S.C. § 2253(c). A court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The decision to issue a certificate of appealability turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions. See Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

The Court finds that Petitioner's claims do not justify the issuance of a certificate of appealability. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Petition under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in

**ORDER DENYING HABEAS PETITION** ~ 8

State Custody (Ct. Rec. 1) is **DENIED**.

2. The Court declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and petitioner, and **close the file**.

**DATED** this 13th day of May, 2010.

                *s/Robert H. Whaley*
                ROBERT H. WHALEY
                United States District Judge

C:\WINDOWS\Temp\notes101AA1\deny.wpd

**ORDER DENYING HABEAS PETITION** ~ 9